Sisto Financial Corporation v. Commissioner.
Sisto Fin. Corp. v. Commissioner
Docket No. 105982.
United States Tax Court
1944 Tax Ct. Memo LEXIS 387; 3 T.C.M. (CCH) 72; T.C.M. (RIA) 44022; January 27, 1944
*387 Robert C. Vincent, Esq., and Albert E. Hadlock, Jr., Esq., 15 Broad St., New York, N. Y., for the petitioner. J. C. Maddox, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: This proceeding is here for further action in accordance with the Mandate of the United States Circuit Court of Appeals for the Second Circuit issued under its opinion of December 14, 1943, reversing our decision entered September 15, 1942 under our Findings of Fact and Opinion promulgated August 4, 1942. Our former opinion herein, promulgated August 4, 1942, held that the notes, in satisfaction of which petitioner received 159,899 shares of stock of the Barium Stainless Steel Corporation, were not securities in that company and consequently the receipt of the stock was not tax free under section 112 (b) (3) of the Revenue Act of 1936. We further held, however, that the satisfaction of the note indebtedness with stock was merely an acquisition of the stock by petitioner for a consideration in the amount of the indebtedness and, accordingly, was without tax consequence. Our conclusion upon this point made it unnecessary to find the fair market value of the stock when received by petitioner. Upon *388 review the Circuit Court of Appeals for the Second Circuit agreed with our conclusion upon the first point but reversed upon the second, holding that the satisfaction of the note indebtedness by transfer of stock constituted an exchange of property upon which petitioner realized a gain in the amount of any excess in value of the stock over the indebtedness satisfied. Upon remand to redetermine the deficiency, it is only necessary to decide the fair market value, if any, of this stock at the time received by petitioner on or about August 31, 1936. We find that it then had a fair market value $3of per share. The respondent determined that it then had that value and computed the deficiency thereon. This determination of value is amply supported. Sisto & Company was qualified by experience as well as intimacy with the stock and its background to value it for market purposes. Before petitioner received the stock in question, Sisto & Company had secured an option from the issuing company, Barium Stainless Steel Corporation, to purchase 200,000 additional shares at a net price to the latter corporation of $3 per share. Sisto & Company exercised that option on September 23, 1936. From September *389 25 to September 30, 1936, 29,000 shares of the stock were sold at $3-1/8 per share. During the remainder of that year, in addition to a substantial number of shares being used in the payment of compensation, 2,379 shares were sold at $4 per share. From January through September 1937, over 29,000 shares were sold at prices ranging from $3.50 to $7 3/8 per share. Petitioner argues that the price realized upon its offer of sale three weeks later was due to events transpiring during that period which increased its market value threefold. One of these events is the listing of the stock with the Securities and Exchange Commission. But the application for this listing had been made prior to the receipt of the stock. The listing could then reasonably have been anticipated within a few days as actually did occur. Another circumstance pointed out is a magazine article published several days before the marketing of the stock. And another fact urged is that an issue of stock by another corporation, sold to the public by Sisto & Company, had shown a profit to the buyers a few days before September 21, 1936, which increased the prestige of the company as a marketer of new stock issues, and thus *390 then increased the market value of the stock, the value of which is here contested. We see no such magic in these circumstances as would treble the fair market value of this stock. In fact, if the stock had only a value of about $1, or a little more, as contended by the petitioner, then the preparations by Sisto & Company to create a public market for it at a minimum price of $3.75 would reveal a condition at least tending to discredit the testimony of the interested witnesses who participated in that plan. Another circumstance stressed by petitioner is that petitioner, prior to August 31, bound itself not to dispose, for 60 days, of its stock received in satisfaction of the notes, so as to give Sisto & Company an opportunity to dispose of the 200,000 additional shares. It is urged that this situation is similar to that existing in . We do not agree. The restriction found there to preclude the existence of present fair market value was imposed by an adverse interest. Here we have no adverse interest. Sisto & Company, in whose interest the so-called restriction was imposed on petitioner, is the owner of the *391 petitioner corporation and, consequently, the restriction is without practical substance. Admittedly there is some expert testimony to the effect that the stock had a fair market value on the critical date of $1 or slightly more per share. Giving this testimony the weight to which it is entitled, however, we think it is sufficient here when considered with all the other evidence to establish that the value of the stock on the critical date was other than $3 per share, as determined by respondent. Decision will be entered under Rule 50.